UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>　　　　　　　　　Debtor,<br><br>BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>MATTHEW BOWOLIN, et al.,<br><br>　　　　　　　　　Defendants. | NO: 13-CV-416-RMP<br><br>Bankr. Case No. 09-06194-PCW11 (Consolidated Case)<br><br>Adv. Proc. No. 11-80296-PCW11<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST LOIS BJARNASON |

　　Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendant Lois Bjarnason. ECF No. 54. The Court has reviewed the motion and the record. The Court is fully informed.

　　In a declaration filed in support of the motion for entry of default against Defendant, Plaintiff states that, at Plaintiff's request, the Bankruptcy Court mailed

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST LOIS BJARNASON ~ 1

1  copies of the summons and complaint to Defendant on August 4, 2011.  ECF No.

2  51 at 2.  The documents were mailed to the address set forth in Defendant's proof

3  of claim.  ECF No. 51 at 2.  The envelope was returned as "unclaimed."  ECF No.

4  51 at 2.

5       Plaintiff further states that on June 22, 2012, again at Plaintiff's request, the

6  Bankruptcy Court mailed copies of the summons and complaint to two additional

7  locations.  ECF No. 51 at 2-3.  Both copies were returned; one marked "no such

8  addressee," the other marked as "unclaimed."  ECF No. 51 at 3.

9       On April 24, 2014, this Court received notice of change of address for

10 Defendant.  ECF No. 48.  The notice states that Defendant's address changed

11 three-and-a-half years ago and that the request to change her address had been

12 ignored in the past.  ECF No. 48.  The address included in the notice is different

13 from the addresses to which Plaintiff states that the summons and complaint were

14 sent.  *Compare* ECF No. 48 *with* ECF No. 51.  However, Plaintiff sent the motion

15 for default judgment to the address provided in the notice of change of address.

16 ECF No. 54 at 4.

17      Plaintiff contends that "[b]y filing a Notice of Change of Address with this

18 Court, it is clear that Defendant has knowledge of these proceedings but refuses to

19 participate."  ECF No. 51 at 4.  However, the notice indicates that it was signed by

20 Defendant's husband, not by Defendant herself.  ECF No. 48.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST LOIS
BJARNASON ~ 2

Default judgments generally are disfavored. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). The factors that a court may consider when deciding whether to grant default judgment include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. The decision whether to grant default judgment is left to the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).

The Court declines to grant Plaintiff's motion for default judgment. Although Plaintiff declares that service of process was attempted at multiple mailing addresses, the record does not indicate that Plaintiff attempted to serve the summons and complaint on Defendant at the location written in the notice of change of address. Moreover, Plaintiff claims that the notice of change of address was written by Defendant herself, demonstrating that she "has knowledge of these proceedings but refuses to participate[,]" ECF No. 51 at 4, but the notice indicates that it was written by her husband, ECF No. 48. Service of process on Defendant was a difficult issue before the Bankruptcy Court as well. *See* Bankr. Adv. Proc. No. 11-80297-FPC, ECF No. 158 at 17-18 (Plaintiff's motion to serve process on

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST LOIS BJARNASON ~ 3

counsel for defendants). The issue of service of process relates to the *Eitel* factor regarding the merits of Plaintiff's claim.

Other *Eitel* factors also caution the Court against granting default judgment. Because Defendant is one of numerous transferees of fraudulent transactions in this cause number, which itself is one tendril of an expansive bankruptcy proceeding, the possibility of prejudice to Plaintiff is minimal. Trial will take place, and likely the same witnesses will be called, regardless of whether default judgment is granted against Defendant. Additionally, Plaintiff requests judgment in the amount of $61,615.55 CAD, ECF No. 54 at 2, which is a considerable sum of money for an individual to pay. Finally, the strong policy in favor of resolving cases on their merits guides the Court's decision.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment Against Defendant Lois Bjarnason, **ECF No. 54**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and pro se defendants.

**DATED** this 11th day of September 2014.

                                  *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
                                   Chief United States District Court Judge

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AGAINST LOIS BJARNASON ~ 4